**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 10-CV-80369-RYSKAMP/VITUNAC

vTRAX TECHNOLOGIES
LICENSING, INC.

      Plaintiff,

v.

SIEMENS COMMUNICATIONS
INC., et al.,

      Defendants.

_____/

## SCHEDULING ORDER

Pursuant to Local Rule 16.1(b)(7), IT IS **ORDERED AND ADJUDGED** as follows:

1.   No pretrial conference shall be held in this action unless the parties so request or the Court determines, *sua sponte*, that a pretrial conference is necessary.  Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.   Counsel shall meet at least **ONE MONTH** prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3.   The joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e).  The Court will not allow unilateral pretrial stipulations.

4.   In cases tried before a jury, each party shall file the proposed jury instructions at least **ONE WEEK** prior to the beginning of the trial calendar.  Additionally, one copy of the proposed jury instructions shall be sent in Word or WordPerfect format to: Ryskamp@flsd.uscourts.gov.  Each jury instruction shall be typed on a separate sheet and must be supported by citation of authority.  In preparing their requested jury instructions, the parties shall use as a guide, the *Pattern Jury*

*Instructions* for civil cases approved by the United States Court of Appeals for the Eleventh Circuit, including the Directions to Counsel contained therein.  At the close of the evidence, a party may file additional instructions covering matters occurring at the trial that could not reasonably be anticipated, and with the Court's permission, file untimely requests for instructions on any issue.

5.   In cases tried before the Court, each party shall file the proposed findings of fact and conclusions of law at least **ONE WEEK** prior to the beginning of the trial calendar.  Proposed conclusions of law shall be supported by citations of authority.

6.   All exhibits must be pre-marked.  The plaintiff and defendants shall both mark their exhibits numerically.  A typewritten exhibit list setting forth the number, and description of each exhibit shall be submitted at the time of trial.  The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.  All electronically filed exhibits should be listed as one attachment unless over 5mb (100 pages).

7.   A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.

8.   Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal.  It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.   The following timetable shall govern the pretrial procedure in this case.  ***This schedule shall not be modified absent compelling circumstances.***

    a.   Deadline for Initial Disclosures pursuant to Rule 26(a)(1):  **June 30, 2010**.

    b.   The parties will meet and confer and submit a joint proposed protective order by **June 30, 2010**.  In the event that the parties are unable to agree on a protective order, the parties will submit competing protective orders by **July 2, 2010**.

c. **September 17, 2010**:   Plaintiff must serve disclosures of the following information:

    i. Each patent claim that is allegedly infringed by each Defendant;

    ii. For each asserted claim, the accused product of each Defendant of which the Plaintiff is aware.  This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known.

    iii. A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product.

    iv. Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

d. **October 15, 2010**: Any party asserting invalidity or unenforceability claims/defenses must serve disclosures containing the following:

    i. Each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced.  As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

    ii. Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items or prior art makes a claim obvious,

each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

iii.   A chart identifying where specifically  in each alleged item of prior art each limitation of each asserted claim is found; and

iv.   For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable.  Such positions shall be made in good faith and not simply *pro forma* arguments.

e.   Markman Briefing Schedule:

i.   **November 16, 2010**:  Parties shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court.

ii.   **December 17, 2010**:  Parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.  The Parties' exchange shall include detailed citations to any intrinsic and extrinsic evidence upon which each party intends to rely.

iii.   **January 7, 2011**:  Parties shall meet and confer on proposed claim constructions.

iv.   **January 21, 2011**:  Parties will exchange opening briefs on disputed claim terms (not to exceed 30 pages without leave of the Court).  If any party intends to rely on expert testimony to support its proffered responsive claim construction, a written report in compliance with Rule 26(a)(2), limited to the issue of claim construction, shall be exchanged.

Any party relying on expert testimony, shall make its expert(s) available for deposition at least two (2) weeks prior to the deadline for opposition briefs.  Notwithstanding, the parties do not waive their right to challenge the reliance on expert testimony or reports as part of the Markman hearing.

    v.   **February 23, 2011**:  Parties will exchange opposition briefs on disputed claim terms (not to exceed 10 pages without leave of the Court).

(There shall be no reply briefs.)

    vi.   **February 7, 2011**:  The parties shall exchange a list of all witnesses that will be called to testify at the Markman Hearing.  Notwithstanding, the parties do not waive their right to challenge the reliance on witnesses as part of the Markman hearing.  Any party relying on expert testimony in rebuttal to a report under paragraph 9.e.iv. of this Scheduling Order shall exchange a written report in compliance with Rule 26(a)(2), limited to claim construction.

    vii.   **March 2, 2011**:  Parties shall exchange a list and copy of all evidentiary exhibits to be used at the Markman Hearing.

f.   Markman Hearing:  **March 7, 2011**.

g.   Deadline for amending the infringement contentions and/or invalidity contentions as submitted in 9(c)(iii) and 9(d)(iii) to conform with the Markman decision: **May 23, 2011** (or two (2) weeks after the Court's Markman decision, whichever is later).

h.   Deadline for Joinder of Other Parties and Amendments of Pleadings:  **December 15, 2010**.

i.   **June 8, 2011**:  Party with the burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party has the burden of proof and only those expert witnesses shall be permitted to testify.  Within the 21-day period following this disclosure, the party with the burden of proof on any issue shall make its experts available for deposition by the party without the burden of proof.  The experts' depositions may be conducted without further order from the Court.

j.   **July 11, 2011**:  Party without the burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party does not have the burden of proof and only those expert witnesses shall be permitted to testify.  Within the 21-day period following this disclosure, the party without the burden of proof on any issue shall make its experts available for deposition by the party with the burden of proof.  The experts' depositions may be conducted without further order from the Court.

k.   **August 16, 2011**:  Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses indeed to be called at trial and only those witnesses listed shall be permitted to testify.

l.   Completion of fact discovery:  **May 13, 2011**.

m.   Completion of expert discovery:  **August 2, 2011**.

n.   Deadline for Filing of Pretrial Motions, including summary judgment and any other case-dispositive motions:  **September 2, 2011**.

o.   The pretrial stipulation shall be due on:  **February 29, 2012.**

This case is assigned to the **<u>Complex</u>** track.

This is a **<u>jury</u>** trial.

10.  Trial and calendar call will be set by separate notice.

11.  If this case is settled, counsel are directed to inform the Court promptly by calling chambers and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1).

DATED this 19 day of July, 2010.


/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE